UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HYUNDAI MOTOR AMERICA, INC. | ) | |
| | ) | |
| Plaintiff-Counter-Defendant, | ) | Civil Action No. |
| | ) | 6:09-CV-479 |
| v. | ) | |
| | ) | |
| CLEAR WITH COMPUTERS, LLC, | ) | **ORAL HEARING REQUESTED** |
| | ) | |
| Defendant-Counter-Plaintiff. | ) | |

**HYUNDAI MOTOR AMERICA'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), Hyundai Motor America, Inc. ("Hyundai")

moves to dismiss Clear With Computers, LLC's ("CWC") counterclaims in case number 6:08-

CV-302 (the "'627/'342 action") and CWC's complaint in case number 6:09-CV-479 (the "'739

action") for failure to state a claim upon which relief can be granted.[1]

Following *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007), it is no longer sufficient for a plaintiff to plead any set of vague, non-

specific facts that, if proved, could conceivably entitle him to relief.   Under these decisions, the

plaintiff's burden is higher:  To survive a motion to dismiss, it must plead "'enough facts to state

a claim for relief that is *plausible on its face*.'"   *Cornerstone Christian Schools v. Univ.

Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570)

---

[1] This Court consolidated the '627/'342 action and the '739 action in an order dated January 5, 2010.  Prior to
consolidation, Hyundai had not yet filed an Answer in the '739 action; accordingly, it submits this motion pursuant
to Rule 12(b)(6).  Hyundai did file an Answer in the '627/'342 action, and therefore submits this motion pursuant to
Rule 12(c).  This procedural distinction has no substantive effect: as a matter of Fifth Circuit law, "[t]he standard for
dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."
*Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007).

(emphasis added).  That is, the complaint must present facts sufficient to permit the court to draw a "reasonable inference" that the defendant is liable.  *Iqbal*, 129 S. Ct. at 1949.

Here, CWC has pleaded no facts sufficient to state a plausible claim for relief.  In fact, its allegations of infringement recite almost no facts at all:  Aside from a bare description of the patents and CWC's ownership, the only *fact* pleaded to support CWC's four infringement theories is that Hyundai operates several websites, the content and functionality of which are not described.  *See* '739 Compl. ¶ 7; '627/'342 Answer ¶¶ 7, 13.   Everything else in CWC's infringement allegations is a conclusory accusation, unconnected to any feature of the asserted patent or any specific Hyundai activity.  *See id.*

Under *Twombly* and *Iqbal*, that is not enough.  No reasonable person could read CWC's complaint and counterclaims and conclude that CWC had stated a "facially plausible" claim for patent infringement.  Indeed, no reasonable person could read CWC's allegations and have the vaguest idea what the alleged infringement is.  Nor can the post-pleading submission of CWC's preliminary infringement contentions ("PICs")—which themselves fail to satisfy the "facial plausibility" standard—retroactively satisfy the threshold requirement of a well-pleaded, facially plausible claim under Rule 8.  As a matter of law, therefore, CWC's allegations do not state a claim for patent infringement, and must be dismissed.

Pursuant to Local Rule CV–7(g), Hyundai requests an oral hearing on this motion.

## BACKGROUND

This motion seeks dismissal of all CWC's infringement claims in Case No. 6:09-CV-479, which consolidates CWC's counterclaims of infringement of the U.S. Patent Nos. 5,367,627 (the "'627 Patent"), 5,615,342 (the "'342 Patent"), and 7,606,739 B1 (the "'739 Patent").

As this Court is well aware, CWC has already sued Hyundai for infringement of the '627 and '342 Patents once, with mixed results: while it won a $34 million verdict on the '627 Patent, it failed to prove infringement of the '342 Patent.[2]   Hyundai then redesigned its infringing websites and, at the suggestion of this Court, sought a declaratory judgment that the accused sites no longer infringed the '627 patent.   *Hyundai Motor America , Inc. v. Clear With Computers, LLC,* No. 6:08-cv-302, Compl. (E.D. Tex. July 28, 2009).   In its answer, CWC counterclaimed for infringement under the same two patents, alleging that Hyundai's altered websites continue to infringe the '627 patent and now infringe the '342 patent in ways that are purportedly "different," in some unspecified manner, from the alleged infringement rejected in its first suit. *Hyundai Motor Americ , Inc. v. Clear With Computers, LLC,* No. 6:08-cv-302, Answer (E.D. Tex. Oct. 15, 2008) ("'627/'342 Answer") at 5-6.   This Court rejected Hyundai's request for a declaratory judgment of non-infringement of the '627 Patent in August 2009, and ruled that CWC was not re-alleging the same '627 infringement adjudicated in the earlier case.   *Hyundai Motor America , Inc. v. Clear With Computers, LLC,* No. 6:08-cv-302, Summ. J. Op.  (E.D. Tex. Aug. 24, 2008) ("'627/'342 Summ. J. Op.") at 1.   The case is now going forward on CWC's '627/'342 counterclaims.

Two months after summary judgment in the '627/'342 action, and on the same day (October 20, 2009) that the '739 Patent issued from the United States Patent and Trademark Office (the "PTO"), CWC was designated as the assignee of the rights to the patent, and by day's end, had filed new lawsuits against dozens of unrelated retailers and other businesses previously targeted by CWC, including Hyundai.   *See* '739 Compl. at 1; *see also Clear With Computers, LLC v. Bergdorf Goodman, Inc., et al.*, No. 6:09-cv-481, Compl. (E.D. Tex. Oct. 20, 2009).   The

---

[2]  The judgment of infringement of the '627 patent is now pending on appeal before the Federal Circuit.  The case was argued on November 4, 2009, and a decision is likely in the first quarter of 2010.

'739 Patent derives from a continuation of the application that led to the '342 Patent, with which this Court is familiar.As such, the '739 Patent contains significant claim limitations differentiating it from the '342 Patent and others in the family tree.  Despite these limitations, CWC saw fit to immediately file suit under the '739 Patent against a group of defendants who share just one common attribute: they were previously sued by CWC under the '342 Patent but have not settled with CWC.  Hyundai is unique among those defendants in having already won a judgment of non-infringement of the '342 patent.

## ARGUMENT

Taken together, *Twombly* and *Iqbal* represent a sea change in federal pleading standards. To survive a motion to dismiss, a patent plaintiff must set forth "well-pleaded factual allegations"—that is, non-conclusory allegations of fact that are "entitled to the assumption of truth"—that are sufficient to "plausibly suggest" that the defendant is liable for infringement. *Iqbal*, 129 S. Ct. at 1951.  "Naked assertions" of wrongdoing and "mere conclusions" of liability are no longer sufficient to vault a complainant over the hurdle of Rule 8 and into the long, burdensome, and expensive process of civil discovery.  *Id*. at 1949.

But "naked assertions" and "mere conclusions" are all that CWC's claims and counterclaims can muster.  Those assertions and conclusions do not satisfy the threshold requirement of a "well-pleaded, nonconclusory factual allegation."  *Id*.  To the extent CWC has pleaded any genuinely factual allegations, they amount to little more that the assertion that (a) CWC owns a patent; (b) Hyundai operates several websites; and (c) in some unspecified way, some unidentified element of those websites somehow infringes some unidentified claim of the patent.

The issue before this Court is simply whether, in light of *Twombly* and *Iqbal*, those bare-bones factual allegations are sufficient to "plausibly suggest" that Hyundai is liable for infringement.  As the following analysis demonstrates, they are not.

A.   **By Requiring That Each Complaint Raise a "Facially Plausible" Claim for Relief, *Twombly* and *Iqbal* Significantly Raised the Bar for Pleading Patent Infringement.**

For decades, the standard for stating a claim in federal court was exceptionally permissive:  A plaintiff could survive a motion to dismiss unless there was "no set of facts" that, if proved, would entitle him to recovery.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  If there was any possibility that the plaintiff's claims had merit, he was entitled to "unlock the doors of discovery" to seek out proof to validate those claims.  *Iqbal*, 129 S. Ct. at 1950.

No longer.  The Supreme Court's decision in *Twombly* raised serious questions about the continuing viability of the permissive *Conley* test, and its subsequent decision in *Iqbal* confirmed that *Twombly* had "retired" the *Conley* analysis.[3]  *Id.* at 1944; *see also St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009) (stating that "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*").   In its place, the Court adopted a new, more demanding test: "To resist a dismissal pursuant to Rule 12(b)(6), [a] plaintiff[] must plead '*enough facts* to state a claim for relief that is *plausible on its face*.'"  *Cornerstone Christian Schools*, 563 F.3d at 133 (brackets added and quoting *Twombly*, 550 U.S. at 570) (emphasis added).

The new standard for assessing a motion to dismiss for failure to state a claim has two parts.  First, the court "identif[ies[ the allegations in the complaint that are not entitled to the

---

[3] The only post-*Twombly* Federal Circuit decision on this issue, *McZeal v. Sprint-Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) found that the plaintiff's conclusory allegations were sufficient, in part, because they satisfied *Conley v. Gibson's* "any set of facts" test, which, the court held, survived the Supreme Court's decision in *Twombly*.  *Id.* at 1356 n.4.  Now that the Supreme Court has definitively rejected the *Conley* test, *McZeal* has little, if any, precedential value.

assumption of truth"—that is, any "bare assertions" that amount to "nothing more than a formulaic recitation of the elements" of the claim. *Iqbal*, 129 S. Ct. at 1951 (internal quotations omitted).  Such allegations are not "well-pleaded," and cannot by themselves meet the plaintiff's obligations under Rule 8.   Second, the court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*.  For an allegation to be "facially plausible," it is not sufficient that it merely be "consistent with" a finding of liability; rather, the allegation must be sufficient to give rise to a "*reasonable* inference" of liability in light of "obvious alternative explanations."   *Id*. at 1949, 1951 (emphasis added). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950); *see also U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (stating that under *Twombly*, the allegations of a complaint, taken as true, "must make relief plausible, not merely conceivable").

### B.     CWC's Infringement Allegations Represent Precisely the Kind of "Naked Assertions" of Liability that *Twombly* and *Iqbal* Foreclose.

CWC's allegations of infringement and harm are exactly the kinds of boilerplate legal conclusions that may only "provide the framework for," but cannot support, a valid claim. *See Iqbal*, 129 S. Ct. at 1950.   CWC has articulated three *legal theories* of liability: direct infringement, contributory infringement, and induced infringement.  '627/'342 Answer ¶¶ 7, 13; '739 Compl. ¶ 8.  But it has pleaded no "factual content" sufficient to render those theories plausible.  *See Iqbal*, 129 S. Ct. at 1949.  In the absence of such factual content, CWC's allegations are merely "naked assertions" of liability, and are inadequate to state a claim for relief. *Twombly*, 550 U.S. at 557

6

In each of CWC's three claims, the infringement allegations are confined to a single, boilerplate paragraph.  '627/'342 Answer ¶¶ 7, 13; '739 Compl. ¶ 8.  The allegations relating to the '739 Patent are representative:

> Upon information and belief, Defendant HYUNDAI has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '739 Patent . . . by, among other things, making and/or using supply chain methods, supply chain systems, sales methods, sales systems, marketing methods, marketing systems, inventory methods and/or and inventory systems covered by one or more claims of the '739 Patent, including in connection with various websites (including, but not limited to, www.hyundaiusa.com, www.hyundaigenesis.com, the Hyundai Dealer Communication System, www.elantratouring.com and similar systems and methods) to the injury of CWC.

'739 Compl. ¶ 8 *see also* '627/'342 Answer ¶¶ 7, 13.

The mere allegation that Hyundai "has been and now is directly infringing, and indirectly infringing . . . the '739 patent" is a legal conclusion, and so is not entitled to the assumption of truth.  *Iqbal*, 129 S. Ct. at 1950.  By itself, it is not a well-pleaded allegation.  The same is true of the assertion that the accused "supply chain methods, supply chain systems, sales methods, sales systems, marketing methods, marketing systems, inventory methods and/or and inventory systems" are "covered by one or more claims of the '739 Patent":  It is not a "factual allegation" but a conclusory statement of an element of CWC's infringement claim.

The only *factual* allegation against Hyundai in CWC's complaint is its assertion that the alleged infringement occurs in connection with "various websites," including (but not limited to) "www.hyundaiusa.com, www.hyundaigenesis.com, the Hyundai Dealer Communication System, www.elantratouring.com and similar systems and methods."  '739 Compl. ¶ 8; *see also* '627/'342 Answer ¶¶ 7, 13.  Under *Iqbal*, the question is whether this broad allegation provides sufficient "factual content" to make CWC's infringement claim "facially plausible"—that is, whether it

gives rise to a "reasonable inference" that Hyundai's websites infringe.  *Iqbal*, 129 S. Ct. at 1949.  It does not.

The asserted patents claim nothing specifically about with  websites; rather, they claim ways of generating customized responses based on consumer input.  Indeed, the '739, '627, and '342 Patents describe not web pages, but print–outs of customized proposals.  *See* '739 Compl. Ex. A Part II, col. 2, ll. 16–18 ("The present invention solves these problems by utilizing a computer–based system to dynamically create customized, printed proposals for potential purchasers of a product."); Ex. A ('627 Patent); Ex. B ('342 Patent).  There is *nothing* in the allegations of the '739 Complaint or the '627/'342 Answer to connect *any* of the web pages identified to *any* claim of the asserted patents, and nothing intrinsic to the patents to tie them to a web page.  Moreover, nearly *every* commercial website includes one or more forms of "supply chain methods, supply chain systems, sales methods, sales systems, marketing methods, marketing systems, inventory methods and/or and inventory systems."  '739 Compl. ¶ 8 see also '627/'342 Answer ¶¶ 7, 13.  CWC's allegations are so general that they could be cut and pasted into a complaint against more or less any commercial enterprise on earth.

In other words, the '739 Complaint and the '627/'342 Answer say nothing that would enable Hyundai to understand what distinguishes an infringing website from a non–infringing website.  Without that information, the allegations cannot satisfy the requirement of "factual allegations" sufficient to render the claim "plausible."

In online commerce, a website is not a single instrumentality, but an entire marketing channel, akin to a retail store or a catalogue.  Claiming that a business method patent is infringed by a top-level website like www.hyundaiusa.com is a bit like claiming that a patent on a sophisticated continuously variable transmission is infringed by "a car."  Some cars have such

transmissions, while others do not, and some cars that do have such transmissions may infringe a particular patent, while others might not.  In the absence of "factual content" sufficient to connect the accused car or website to the claims of the patent, the plaintiff's allegations are merely "naked assertions" of infringement.  *Twombly*, 550 U.S. at 556-57.  As such, none of CWC's infringement claims states a "facially plausible" claim for relief, and all of them must be dismissed.[4]

### C.    CWC Cannot Rely on Its PICs or Form 18 of the Federal Rules to Avoid Dismissal.

We anticipate that CWC may argue that its disclosures under Local Patent Rule 3-1 are sufficient to "flesh out" its allegations so as to avoid dismissal, or that its complaint is necessarily sufficient under Rule 8 because it provides all the information required by the sample patent complaint described in Form 18 of the Federal Rules of Civil Procedure.  Both those arguments fail as a matter of law.  Any attempt to rely on the Infringement Contentions required by Local Patent Rule 3-1 or upon the provisions of Form 18 to satisfy the pleading requirements of Rule 8 is dispositively foreclosed by *Iqbal*.  And in any event, CWC's allegations are deficient even under Form 18.

---

[4]  The deficiency of CWC's allegations is particularly glaring with respect to the '342 Patent.  As the Court is aware, CWC previously sued Hyundai for infringing the '342 and lost.  CWC is therefore barred from asserting any claim of infringement that was, or could have been, raised in the previous litigation.  *See, e.g., Transclean Corp. v. Jiffy Lube Intern., Inc.*, 474 F.3d 1298, 1305 (Fed. Cir. 2007).  Its "new" allegations of infringement of that same '342 Patent make no attempt to offer any "factual content" to distinguish its new allegations from its old ones; instead, they simply recite the *legal conclusion* necessary to avoid dismissal on preclusion grounds: that the accused instrumentalities are "different from the methods and/or apparatuses that previously were, or that previously could have been, litigated between CWC and Hyundai."  '627/'342 Answer ¶ 13.  Under *Iqbal*, such an unsupported legal conclusion is deficient:  "mere conclusions" are "not entitled to the assumption of truth," and for such conclusions to survive a motion to dismiss, "they must be supported by factual allegations."  *Iqbal*, 129 S. Ct. at 1950-51.  Because CWC has presented no "factual allegations" to support the existence of a non-precluded claim of infringement of the '342 Patent, that claim must be dismissed.

### 1.   Compliance with the Local Patent Rules, which are intended only to streamline the discovery process, cannot satisfy the threshold requirement of a well-pleaded, plausible claim.

Previously, before *Iqbal*, courts in this District and elsewhere have suggested that either discovery or the disclosures required by the Local Patent Rules could "fill in the gaps" in a barebones complaint.  *See, e.g., PA Advisors LLC v. Google Inc.,* No. 2:07-cv-480, 2008 WL 4136426 at *6 (E.D. Tex. Aug. 8, 2008); *Teirstein v. AGA Med. Corp.*, No. 6:08-cv-14, 2009 WL 704138, *5 (E.D. Tex. Mar. 16, 2009).  In *Iqbal*, however, the Supreme Court made clear that it had foreclosed that possibility.  First, it held that "the question presented by a motion to dismiss a complaint for insufficient pleadings *does not* turn on the controls placed upon the discovery process."  *Iqbal*, 129 S. Ct. at 1953 (citing *Twombly*, 550 U.S. at 559) (emphasis added).  Thus, in *Iqbal,* the Court "decline[d] [the plaintiff's] invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery."  *Id*. at 1953-54.  To the contrary, it squarely concluded that where a complaint is "deficient under Rule 8," the plaintiff "is not entitled to discovery, cabined or otherwise."  *Id*. at 1954.

The same principle precludes reliance on a plaintiff's Infringement Contentions to satisfy the pleading requirements of Rule 8.  As this Court has repeatedly held, the PICs are not a pleading device, but merely a mechanism for "focusing discovery."  *Linex Tech., Inc. v. Belkin Int'l, Inc*., 628 F. Supp. 2d 703, 707 (E.D. Tex. 2008); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (PICs are "'merely designed to streamline the discovery process'") (quoting *Network Caching Technology, LLC v. Novell, Inc.,* No. C-01-2079, 2003 WL 21699799, *4-5 (N.D. Cal. Mar. 21, 2003)).  As a matter of logic, a procedural mechanism that is part of the discovery process cannot be utilized to satisfy the pleading requirements of Rule 8, compliance with which is a threshold requirement of obtaining

discovery in the first place.  *See, e.g., Iqbal*, 129 S. Ct. at 1950 (observing that only a "facially plausible" complaint will satisfy Rule 8 and "unlock the doors of discovery").

Putting that logical conundrum aside, there are substantial legal and policy reasons to reject the pre-*Iqbal* view that the PICs can be relied upon to ensure that the doors of discovery are unlocked only for plausible claims.  *Cf. Teirstein,* 2009 WL 704138, at *5 (stating that "the requirements of this Court's Local Patent Rules lend further support to the conclusion that the detailed factual assertions Plaintiff asserts are missing are not required under the Federal Rules").  As a threshold matter, permitting reliance on the PICs to satisfy the requirement of a well-pleaded, plausible complaint condemns defendants to the trouble and expense of participating in the lawsuit until the PICs are finalized—which, by rule, occurs only after the court issues its *Markman* ruling.  *See* Local Patent Rule 3-6(a) (permitting amendment of the infringement contentions (including their central feature, the infringement claim charts) as a matter of right if the plaintiff "believes in good faith" that the *Markman* order "so requires").  But the *Markman* order is typically issued long after discovery has already commenced—and often after discovery has been completed.  If the PICs may be utilized to survive a motion to dismiss, CWC could leverage a deficient complaint into a year or more of expensive, full-blown litigation, including *Markman* briefing and discovery, before its PICs become final and a motion to dismiss becomes ripe.  That result is wholly inconsistent with *Iqbal* and its characterization of Rule 8 as "the door[ ] of discovery."  129 S. Ct. at 1950.  It is also inconsistent with Federal Rule 15, which sets much stricter limits on amending pleadings than are contemplated by the Local Patent Rules.  *See* Fed. R. Civ. P. 15(a)

### 2.    Form 18 of the Federal Rules does not govern here, and in any event CWC's allegations do not comply with Form 18.

Nor can CWC escape dismissal by relying on Form 18 of the Federal Rules of Civil Procedure, which offers a sample complaint for patent infringement.  *See* Fed. R. Civ. P. Form 18 (2008).  By its terms, Form 18 requires that a complaint for infringement include just five elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and/or damages.  *Id.*; *see also McZeal v. Sprint-Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (reciting elements of Form 18).  In decisions rendered before *Iqbal*, the Federal Circuit has suggested that a complaint following the structure of Form 18 is probably sufficient to survive a motion to dismiss.  *See McZeal,* 501 F.3d at 1356-57  (relying, in part, on what was then Form 16 in concluding that a complaint was sufficient to survive dismissal).

*Iqbal*, however, forecloses that conclusion:  It is very difficult to reconcile the bare-bones requirements of Form 18, which appear to require only conclusory allegations of infringement, with *Iqbal's* requirement of "factual content" sufficient to render the allegations "plausible."  *See Elan Microelectronics Corp. v. Apple, Inc.*, No. C-09-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (noting that "while the form undoubtedly provides a 'short and plain statement,' it offers little to 'show' that the pleader is entitled to relief," as required by *Twombly* and *Iqbal*).  We acknowledge, of course, that other courts have concluded that by operation of Federal Rule 84, a claim of direct infringement that complies with Form 18 is sufficient to state a claim—despite the Form's apparent inconsistency with *Iqbal* and *Twombly*.  *Id.*; *see also Sharafabadi v. Univ. of Idaho*, No. C-09-1043JLR, 2009 WL 4432367, at **4-5 (W.D.Wash.

Nov. 27, 2009).   But we respectfully submit that those decisions cannot be correct.   As the Supreme Court held in *Iqbal*, there is only one Rule 8, which by law "governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'"   129 S. Ct. at 1953 (quoting Fed. R. Civ. P. 1).   As a matter of law, there simply cannot be one pleading standard for direct infringement actions and a wholly different one for every other civil action: Both Rule 1 and *Iqbal* foreclose that possibility.

Faced with an apparent conflict of this kind, it is the obligation of the courts to construe the conflicting rules so as to reconcile them.   Here, that task is not difficult: it requires only that Form 18 be construed so as to be consistent with Rule 8 as the Supreme Court has interpreted it: to require the pleading of "factual content" sufficient to state a "plausible" claim.   So interpreted, Form 18 does not conflict with *Iqbal*.   *Iqbal* governs, and CWC's claims must be dismissed.

Finally, even if it were possible to construe Form 18 to impose a wholly different pleading requirement for allegations of direct patent infringement—and it is not, for reasons we have explained—CWC's allegations of *indirect* infringement are in any event not governed by Form 18, and must be dismissed under the applicable *Iqbal* standard.   As noted above, Form 18 relates only to allegations of *direct* patent infringement by a defined product or product line; the example given is an "electric motor."   Fed. R. Civ. P. Form 18 (2008).   *see also Elan Microelectronics,* 2009 WL 2972374, at *2.   In this case, however, CWC has alleged both direct infringement and indirect infringement "by way of inducing infringement and/or contributing to the infringement" of the patents-in-suit.   *See* '739 Compl. ¶ 8; '627/'342 Answer ¶ 7, 13.   Both types of indirect infringement include additional elements (knowledge of the patent and specific intent, in the case of inducement), none of which Form 18 purports to address.   Faced with this same issue, several courts have concluded that "[i]n the absence of any other form that addresses

indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*." *Elan Microelectronics*, 2009 WL 2972374 at *2; *see also Sharafabadi v. Univ. of Idaho*, No. C-09-1043JLR, 2009 WL 4432367, at **4-5 (W.D.Wash. Nov. 27, 2009).   Applying those teachings, the courts in both *Elan Microelectronics* and *Sharafabadi* dismissed the allegations of indirect infringement for failure to state a claim.  *Id.* Accordingly, Form 18 does not support a conclusion that CWC "has adequately pleaded its [claims and] counterclaims," at least as to indirect infringement.  *Elan*, 2009 WL 2972374 at *2 (brackets added).  Those claims are deficient and would have to be dismissed, even if the direct infringement claims were not.But again, rather than apply a different pleading standard to claims of direct and indirect infringement, the correct result is simply to dismiss all of CWC's claims and counterclaims.

## CONCLUSION

Hyundai is entitled to a complaint that includes sufficient factual detail, developed during the pre–suit investigation that CWC was required to perform under Rule 11, so that Hyundai can know what claims are being asserted against what specific accused instrumentalities, and in what manner CWC alleges those instrumentalities are infringing.  CWC's pleadings fall short of that threshold requirement, and must be dismissed.

For all these reasons,, Hyundai respectfully requests that the Court grant its motion to dismiss.

Dated: January 15, 2010                              Respectfully submitted,

                                                                    POTTER MINTON, P.C.

                                                                    /s/ Douglas R. McSwane, Jr.

A.M. (Russ) Meyer, Jr.
TX State Bar No. 13998700
rmeyer@jw.com
JACKSON WALKER
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: 214.953.6134
Facsimile: 214.953.6613

Douglas R. McSwane, Jr.
TX State Bar No. 13861300
dougmcswane@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: 903.597.8311
Facsimile: 903.593.0846

Gene C. Schaerr
DC Bar No. 416368
gschaerr@winston.com
John Moss
DC Bar No. 987113
astukes@winston.com
Geoffrey P. Eaton
NY State Bar No. 3000841
geaton@winston.com
WINSTON & STRAWN, LLP
1700 K Street NW
Washington, DC 20006
Telephone: 202.282.5000
Facsimile: 202.282.5100

**ATTORNEYS FOR PLAINTIFF/
COUNTERDEFENDANT HYUNDAI
MOTOR AMERICA**

**CERTIFICATE OF SERVICE**

I certify that on January 15, 2010, the foregoing document was filed electronically in compliance with Local Rule CV–5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV–5(a)(3)(A).

/s/      Douglas R. McSwane, Jr.