# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **CLEAR WITH COMPUTERS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:09 CV 479** |
| | § | |
| **HYUNDAI MOTOR AMERICA, INC.,** | § | |
| | § | |
| **Defendant.** | | |

## MEMORANDUM OPINION AND ORDER

Hyundai Motor America's Motion for Judgment on the Pleadings and Motion to Dismiss (Docket No. 20) is before the Court. Having considered the parties' written submissions, the Court **DENIES** the motion.

## BACKGROUND

These parties have a long litigation history before this Court. CWC, then known as Orion IP, LLC, brought suit against Hyundai in cause 6:05-cv-322, alleging Hyundai's websites infringed its U.S. Patent Nos. 5,367,627 and 5,615,342. The parties tried the case to a jury, and the jury found Hyundai infringed the '627 patent, the '627 patent was not invalid, and Hyundai did not infringe the '342 patent. The Court entered final judgment on the verdict and awarded Orion an ongoing royalty for Hyundai's continued infringement.

Shortly after trial, Hyundai redesigned its accused websites and contended they no longer infringed the '627 patent. Hyundai filed suit in cause 6:08-cv-302 seeking a declaratory judgment that its redesigned websites no longer infringe the '627 patent. CWC counterclaimed that the new

sites do infringe the '627 patent and the '342 patent.[1]

U.S. Patent No. 7,606,739 B1, a continuation of the '342 patent, issued on October 20, 2009, and CWC brought suit against Hyundai in this case on that patent. The Court consolidated the 6:08-cv-302 case with this case. Thus, this case involves claims that Hyundai infringes the '627, '342, and '739 patents.

As to Hyundai's alleged infringement of the '627 patent, CWC states:

> Upon information and belief, Hyundai has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making and/or using supply chain methods, supply chain systems, sales methods, sales systems, marketing methods, marketing systems, inventory methods and/or and inventory systems covered by one or more claims of the '627 Patent, including in connection with various websites (including, but not limited to, www.hyundaiusa.com, www.hyundaidealer.com, the Hyundai Dealer Communication System and similar systems and methods), to the injury of CWC. Hyundai is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

CWC's First Amended Answer and Counterclaims, 6:08-cv-302, Docket No. 19 at 4, ¶ 7. As to Hyundai's alleged infringement of the '342 patent, CWC states:

> Upon information and belief, Hyundai has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making and/or using sales methods, sales systems, marketing methods and/or marketing systems covered by one or more claims of the '342 Patent, including making and/or using methods and/or apparatuses related to various websites (including, but not limited to, www.hyundaiusa.com www.hyundaiusa.com, www.hyundaigenesis.com and/or www.elantratouring.com), which are different from the methods and/or apparatuses that previously were, or that previously could have been, litigated between CWC and Hyundai (including as a result of functionality introduced by Hyundai after May 29,

---

[1] CWC also asserted infringement of U.S. Patent No. 5,493,490, which was not at issue in the 6:05-cv-322 case, and has since been dropped from this litigation.

2007), to the injury of CWC. Hyundai is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

CWC's First Amended Answer and Counterclaims, 6:08-cv-302, Docket No. 19 at 5–6, ¶ 13.  As to Hyundai's alleged infringement of the '739 patent, CWC states:

> Upon information and belief, Defendant Hyundai has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '739 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making and/or using supply chain methods, supply chain systems, sales methods, sales systems, marketing methods, marketing systems, inventory methods and/or and inventory systems covered by one or more claims of the '739 Patent, including in connection with various websites (including, but not limited to, www.hyundaiusa.com, www.hyundaigenesis.com, the Hyundai Dealer Communication System, www.elantratouring.com and similar systems and methods) to the injury of CWC. Defendant Hyundai is thus liable for infringement of the '739 Patent pursuant to 35 U.S.C. § 271.

Complaint for Patent Infringement, 6:09-cv-479, Docket No. 1 at 2–3, ¶ 8.

Hyundai moves to dismiss CWC's infringement claims under Federal Rule of Civil Procedure 12(b)(6) and 12(c), arguing that CWC's complaint fails to adequately state a claim under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

## APPLICABLE LAW

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Regional circuit law applies to motions to dismiss for failure to state a claim.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356

(internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)

2. On <u>date</u>, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an <u>electric motor</u>. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using <u>electric motors </u>that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all <u>electric motors</u> it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;

(b) an accounting for damages; and

(c) interest and costs.

4

(Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16).

A patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face.  *See* FED. R. CIV. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").  However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face.  The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense.  *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

Hyundai argues that CWC's pleadings do not satisfy the requirements of Rule 8 under *Twombly* and *Iqbal*.  As to CWC's direct infringement claims, Hyundai argues that CWC has not adequately pleaded facts that would give rise to liability and has not adequately identified Hyundai's accused methods and systems.  As to CWC's indirect infringement claims, Hyundai also argues that CWC has not adequately pleaded the additional elements of indirect infringement.

CWC's direct infringement claims satisfy the requirements set forth in Form 18.  They assert the Court's jurisdiction, ownership of the patents in suit, identify the accused systems, address whether CWC has complied with the marking statute, and seek relief.  However, Hyundai contends that CWC's identification of the accused systems and websites is inadequate.  Determining whether a complaint is a context-specific task that requires the Court to use its judicial experience and common sense.  *Iqbal*, 129 S. Ct. at 1950.  These parties have already litigated the '627 and '342

patents against an older version of Hyundai's website and system.  While the '739 patent is new to the parties' litigation history, it is a continuation of the '342 patent.  In this context of the parties' litigation history, common sense defies Hyundai's arguments that it cannot ascertain the alleged infringement.

Additionally, in this context, where the parties have already litigated two of the patents to a jury verdict, CWC's indirect infringement claims are adequate.  Given this litigation history, Hyundai is quite familiar with CWC's infringement theories.  In this case, Hyundai contends that it has changed its previously-litigated systems such that they do not infringe, while CWC contends that the changed systems continue to infringe and additionally infringe the '739 patent.  Relying on the Court's judicial experience and common sense, the Court expects that CWC's infringement theories in this case will be very similar to those previously litigated.  In this context, CWC's complaint has adequately stated claims for indirect infringement.

Hyundai argues that Form 18 must now require additional factual detail under *Twombly* and *Iqbal*.  Hyundai also argues that *McZeal*, which upheld a complaint that complied with an older version of Form 18 is no longer good law.  Hyundai contends that *McZeal* is not good law because the Federal Circuit erroneously concluded that *Twombly* did not change the liberal pleading standard articulated in *Conley*.  Hyundai is incorrect on both counts.

First, Hyundai's argument—that the generic pleading of patent cases as shown in Form 18 is no longer sufficient under *Iqbal* and *Twombly*—would render Rule 84 and Form 18 invalid.  This cannot be the case.  *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules

of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim.  One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . .  Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms.").  *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

Second, in *McZeal*, the Federal Circuit recognized what the Supreme Court said about *Conley* in *Twombly*—that *Conley* did not state an erroneous standard, but that *Conley* had been read out of context to misstate the pleading standard.  *See Twombly*, 550 U.S. at 562–63 ("To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief.  But the passage so often quoted fails to mention this understanding . . . . *Conle*y, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.").  Additionally, *McZeal* applied *Twombly* and relied on *Conley* for the proposition that the forms appended to the Rules are sufficient to satisfy Rule 8's pleading requirements.  *McZeal*, 501 F.3d at 1356, 1357.  Hyundai finally contends that *Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished), calls *McZeal* into question.  However, an unpublished panel decision cannot overrule another panel's

published decision. *McZeal* remains good law until the Federal Circuit clearly instructs that it is not.

## CONCLUSION

Accordingly, the Court **DENIES** Hyundai's motion.

**So ORDERED and SIGNED this 29th day of March, 2010.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**